**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE ANTONIO GUTIERREZ-VALTIERRA,<br><br>          Petitioner,<br><br> v.<br><br>TODD BLANCHE, *et al.*,<br><br>         Respondents. | Case No. 26-cv-02926-BAS-SBC<br><br>**ORDER DENYING:**<br><br> **(1) PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);**<br><br> **(2) MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2); AND**<br><br> **(3) MOTION TO APPOINT COUNSEL (ECF No. 3)** |

Petitioner Jorge Antonio Gutierrez-Valtierra filed a Habeas Petition pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody, along with a Motion for a Temporary Restraining Order ("TRO") and a Motion for Appointment of Counsel. (ECF Nos. 1–3.) The Government opposes. (ECF No. 8.)  For the reasons stated below, the Court **DENIES** the Petition and the accompanying Motions.

- 1 -

26cv2926

## I.    BACKGROUND

This action is Mr. Gutierrez-Valtierra's second habeas petition. On March 24, 2026, this Court granted his first petition and ordered a bond hearing governed by 8 U.S.C. § 1226(a). (Case No. 26-cv-1343-BAS, ECF No. 11.) An Immigration Judge held the bond hearing as directed, and on April 3, 2026, concluded Mr. Gutierrez-Valtierra had failed to meet his burden to show that he was not a flight risk or a danger to the community if released. (ECF No. 8, Ex. 1.)

Mr. Gutierrez-Valtierra now files a second Petition alleging he has been in custody for ten months (now 13 months) in violation of the Due Process Clause. (ECF No. 1.) He simultaneously moves for a TRO and for appointment of counsel. (ECF Nos. 2–3.) The Court referred the case to Federal Defenders for possible appointment of counsel, and Federal Defenders concluded "the Court can decide the petition on the existing record without further assistance of counsel." (ECF No. 16.) Hence, the Court **DENIES** the Motion for Appointment of Counsel. (ECF No. 3.) *See Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)) ("[T]here is no constitutional right to counsel in federal habeas corpus proceedings[.]").

The Court ordered the Government to provide Supplemental Briefing on the issue of whether, if the Court finds Mr. Gutierrez-Valtierra's detention has been arbitrarily and unreasonably prolonged, he is then entitled to a second bond hearing where the Government, as opposed to Mr. Gutierrez, has the burden of proof. (ECF No. 17.) The Government filed the ordered Supplemental Brief. (ECF No. 18.)

## II.    ANALYSIS

The Court assumes, without deciding, that Mr. Gutierrez-Valtierra's detention has now been arbitrarily and unreasonably prolonged. He has been in custody for over 12 months. However, he did receive a bond hearing pursuant to § 1226(a), as directed by the Court, and under Ninth Circuit precedent, he is entitled to no more than that. *See Rodriguez v. Garland*, 53 F.4th 1189, 1203 (9th Cir. 2022) (holding the Due Process Clause did not

26cv2926

entitle the petitioner to a second bond hearing at which the government bears the burden of proof).

## III.  CONCLUSION

Because Mr. Gutierrez-Valtierra has already received a bond hearing before an Immigration Judge as previously ordered by this Court, and because Mr. Gutierrez-Valtierra does not argue that the previous bond hearing was constitutionally infirm or that he received inadequate procedural safeguards during that hearing, his Petition is **DENIED**. (ECF No. 1.) If he disagreed with the Immigration Judge's conclusion, the appropriate course of action was to appeal to the Board of Immigration Appeals. Since the Court denies his Petition, the Court also finds it appropriate to **DENY** the Motion for a TRO. (ECF No. 2.) The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2926